J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven*
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
*Staff Attorney at Righthaven*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, | Case No.: 2:10-cv-01671 |
| | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Plaintiff, | |
| v. | |
| AR15.COM, LLC, a Delaware domestic limited-liability company; JUAN AVILA, an individual; and EDWARD AVILA, an individual, | |
| Defendants. | |

Righthaven LLC ("Righthaven") complains as follows against AR15.Com, LLC ("AR15"), Juan Avila, and Edward Avila (collectively with AR15 and Juan Avila known herein as the "Defendants") on information and belief:

## NATURE OF ACTION

1.      This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

**PARTIES**

2.      Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3.      Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4.      AR15 is, and has been at all times relevant to this lawsuit, a Delaware domestic limited-liability company.

5.      AR15 is, and has been at all times relevant to this lawsuit, identified by the current registrar, GoDaddy.com, Inc. ("GoDaddy"), as the registrant, administrative contact, and technical contact for the Internet domain found at <ar15.com> (the "Domain").

6.      Juan Avila is, and has been at all times relevant to this lawsuit, identified by GoDaddy as an administrative contact and technical contact for the Domain.

7.      Juan Avila is, and has been at all times relevant to this lawsuit, identified by the content accessible through the Domain (said content accessible through the Domain known herein as the "Website") as an "Owner & Administrator" of the Website.

8.      Edward Avila is, and has been at all times relevant to this lawsuit, identified by the Website as an "Owner & Administrator" of the Website.

9.      AR15 is, and has been at all times relevant to this lawsuit, the self-proclaimed owner of the copyright(s) in the work(s) posted on the Website, as evidenced by a copyright notice displayed on the Website: "Copyright© 1996-2009 AR15.Com LLC. All Rights Reserved."

**JURISDICTION**

10.      This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

11.      Righthaven is the owner of the copyright in the literary work entitled: "Principal and another school employee face drug charges" (the "Work"), attached hereto as Exhibit 1.

12.     At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

13.     The Defendants willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

14.     On or about September 3, 2010, the Defendants displayed, and continue to display, an unauthorized copy of the Work (the "Infringement"), attached hereto as Exhibit 2, on the Website.

15.     At all times relevant to this lawsuit, the Infringement has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

16.     The subject matter, at least in part, of the Work and the Infringement, is the arrest of two Clark County, Nevada School District employees for drug possession.

17.     At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas *Review-Journal*.

18.     At all times relevant to this lawsuit, the Defendants knew that the Infringement was and is of specific interest to Nevada residents.

19.     The Defendants' display of the Infringement was and is purposefully directed at Nevada residents.

20.     The Defendants knew, or reasonably should have known, that websites, such as the Website, are and were at all times relevant to this lawsuit, the habitual subject of postings by others of copyright-infringing content.

21.     At all times relevant to this lawsuit, the Defendants did not institute any proactive policy of precluding, or attempting to preclude, the postings by others of copyright-infringing content on the Website.

22.     At all times relevant to this lawsuit, the Defendants did not institute any proactive policy of monitoring, or attempting to monitor, the postings by others of copyright-infringing content on the Website.

23.     At all times relevant to this lawsuit, the Defendants did not institute any proactive policy of deleting, or attempting to delete, the postings by others of copyright-infringing content on the Website.

24.     At all times relevant to this lawsuit, the Defendants' failure to institute any proactive policies intended to address the postings by others of copyright-infringing content on the Website constituted and constitutes the Defendants' willful blindness to copyright infringements occurring on the Website.

25.     The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Website, information of specific interest to Nevada residents about "Where to Rent Machine Guns in Vegas," evidence of which is attached hereto as Exhibit 3, and such contacts have been in existence at least in excess of one year.

26.     The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Website, information of specific interest to Nevada residents about "Vegas & Henderson Area Gunstores," evidence of which is attached hereto as Exhibit 3, and such contacts have been in existence at least in excess of one year.

27.     The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Website, information of specific interest to Nevada residents about Nevada-based "Outdoor Shooting Ranges," evidence of which is attached hereto as Exhibit 3, and such contacts have been in existence at least in excess of one year.

28.     The Defendants' contacts with Nevada are continuous and systematic because the Defendants posted and post, on the Website, hyperlinks to information of specific interest to Nevada residents, including, without limitation: "Clark County Illegal shooting area map," "NV Sex Offenders Watchlist," "NV NRS on Weapons and CCW Laws," and the "Nevada State Constitution," evidence of which is attached hereto as Exhibit 3.

29.     The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Website, information of specific interest to Nevada residents about Nevada-based gun shows, evidence of which is attached hereto as Exhibit 4, and such contacts have been in existence at least in excess of one year.

30.     The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Website, information of specific interest to Nevada residents about handgun registration in Clark County, Nevada, evidence of which is attached hereto as Exhibit 5, and such contacts have been in existence at least in excess of one year.

## VENUE

31.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

32.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(c), because AR15 is subject to personal jurisdiction in Nevada.

33.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400 (a), because the Defendants are subject to personal jurisdiction in Nevada.

## FACTS

34.     The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

35.     Righthaven is the owner of the copyright in and to the Work.

36.     The Work was originally published on or about September 3, 2010.

37.     On September 22, 2010, the United States Copyright Office (the "USCO") received Righthaven's official submittal for the registration to the Work, including the application, the deposit copy, and the registration fee (the "Complete Application"), Service Request No. 1-491084321, and attached hereto as Exhibit 6 is the official USCO application submittal for the Work depicting the occurrence of the Complete Application.

38.     On or about September 3, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

39.     The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

40.     The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.


### CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

41.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 40 above.

42.     Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

43.     Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

44.     Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

45.     Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

46.     The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

47.     The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

48.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

49.     The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

50.     AR15 has willfully engaged in the copyright infringement of the Work.

51.     Juan Avila has willfully engaged in the copyright infringement of the Work.

52.     Edward Avila has willfully engaged in the copyright infringement of the Work.

53.     The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

54.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1.     Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2.     Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a.     All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

b.      All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

c.      All financial evidence and documentation relating to the Defendants' use of the Work;

3.      Direct GoDaddy, and any successor domain name registrar for the Domain, to lock the Domain and transfer control of the Domain to Righthaven;

4.      Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5.      Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6.      Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7.      Grant Righthaven such other relief as this Court deems appropriate.


## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this twenty-seventh day of September, 2010.


RIGHTHAVEN LLC


By: /s/ J. Charles Coons
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
*Attorneys for Plaintiff*